UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY MAYNE,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT,<br><br>    Respondent. | NO. CV 09-8556-CAS (AGR)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES |

    For the reasons discussed below, the Court orders Petitioner to show cause, on or before **February 12, 2010**, why the Court should not recommend dismissal based on failure to exhaust state remedies.

**I.**

**SUMMARY OF PROCEEDINGS**

    On December 9, 2009, Petitioner filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") and a document entitled "Supplimental (sic) Declaration to Amended Petition" ("Declaration").

    On July 22, 2009, a Los Angeles County Superior Court jury convicted Petitioner of petty theft and commercial burglary. (Petition at 2.) On September 18, 2009, Petitioner was sentenced to 5 years, 4 months in prison. Petitioner

alleges five grounds for relief: (1) lack of access to the courts; (2) vindictive prosecution and equal protection; (3-4) right to reasonable bail; and (5) ineffective assistance of counsel. (*Id.* at 5-6.) On September 18, 2009, Petitioner filed an appeal with the California Court of Appeal, which is still pending. (*Id.* at 2); *see also* California Court of Appeal online docket for Case No. B219123 (last visited on January 12, 2010). Petitioner has not filed any state petitions for a writ of habeas corpus. (*Id.* at 3.)

## II.

## **EXHAUSTION**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Based on the petition and on the Court's review of the state court's online dockets, Petitioner has never presented any grounds for relief to the California Supreme Court. Thus, the petition appears to be completely unexhausted and is

subject to dismissal without prejudice on that basis.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Petitioner contends he does not have to exhaust state remedies because the "state court refuses to provide full transcripts from 1/6/09 or minute orders from 1/6/09 to 4/15/09." (Petition at 3.)  Although Petitioner provides no evidence for this contention, even assuming it to be true, Petitioner is represented by counsel in his direct appeal and may address any appropriate legal issues in the Court of Appeal.  Similarly, Petitioner's contention that he has been "mauled" by the Superior Court and that, even if his conviction were reversed, he would be sent back to the same court "for another round of abuse and neglect" is not a legal basis on which to excuse exhaustion. (Declaration at 3); *see* 28 U.S.C. § 2254(b)(1)(B).

## III.

## ORDER

IT IS THEREFORE ORDERED that, on or before **February 12, 2010**, Petitioner shall show cause why this Court should not dismiss the petition based on the failure to exhaust state remedies.

***If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the petition without prejudice based on failure to exhaust state remedies.***

DATED: January 14, 2010

ALICIA G. ROSENBERG
United States Magistrate Judge

3